UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 19-25207 |
| | ) | |
| VERNON J. MOORE, | ) | Honorable Donald R. Cassling |
| | ) | |
| Debtor | ) | Chapter 13 |

**OBJECTION OF AMERICAN FINANCE CO.**
**TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

NOW COMES AMERICAN FINANCE CO., ("American"), by and through its attorney, Joel A. Schechter of the Law Offices of Joel A. Schechter, and as and for its objection to confirmation of the Chapter 13 plan ("Plan") filed by the Debtor, Vernon J. Moore ("Debtor"), states as follows:

1. On or about November 4, 2015, the Debtor entered into a Retail Installment Contract ("Contract) for the purchase of a 2004 Chevrolet Trailblazer ("Vehicle").

2. On September 6, 2019, the Debtor filed a voluntary petition pursuant to Chapter 13, Title 11, U.S.C.

3. At the date of filing, the Debtor was indebted to American in the amount of $2,804.50.

4. On September 6, 2019, the Debtor filed his Plan.

5. The Plan provides for payment of American's secured claim in the amount of $2,744.00, with interest at the annual percentage rate of 6.00%, with a set payment of $57.19 per month.

6. The Debtor's Plan fails to provide for full payment of American's secured claim and cannot be confirmed pursuant to 11 U.S.C. §1325(a)(5).

7. In addition to the foregoing, the Debtor's Plan fails to provide for the present value of American's secured claim by failing to provide the proper "formula" discount rate in conformance with 11 U.S.C. §1325(a)(5)(B)(ii) and *Till v. SCS Credit Corp.* 541 U.S. 465, 124 S. Ct. 1951 (2004). The Supreme Court determined in *Till* that the appropriate rate of interest for a secured claim should be determined by the "formula approach". *Id.* The "formula approach" requires the Court to take the national prime rate of interest and adjust this rate to compensate for an increased risk of default posed by Debtors. *Id.* Factors which assist the Court in adjusting the prime rate of interest upward include, but are not limited to, items such as (1) circumstances of the estate; (2) the nature of security; and (3) duration and feasibility of the reorganization plan. *Id.* It is important to note that the *Till* Court's reference to a 1-3% increase in the designation of risk appears only as dicta and does not limit the total adjustment of risk added to the interest rate on a secured claim. *Id.*

8. The Debtor's Plan proposes payment of interest on the secured claim at the rate of 6.00%. The national prime rate of interest as of September 6, 2019, was 5.5%. Adjusting the interest rate upwards is appropriate in this case because:

(a) Debtor's Schedule I discloses that the Debtor has only been employed since March, 2019, which may result in a higher risk of default in the Plan payments;

(b) The Plan and proposed interest rate fails to account for American's lost opportunity in recovering and reselling the Vehicle nor does it account for the time value of money which will be lost if the rate is left unadjusted;

(c) The rate proposed in the Plan is significantly less than market rate for a Vehicle loan;

(d) The Debtor had four previous Chapter 13 cases since 2010 which were all

dismissed for either non-payment or other reasons.

9. Based upon the foregoing factors, the Court should adjust the national prime rate of interest of 5.5% upwards 8 percentage points as a result of the four factors herein which demonstrate a potential for default by the Debtor. As such, American objects to any Plan which fails to pay American's secured claim with 13.5% interest.

10. The set payment provided to American does not adequately protect American against depreciation of the Vehicle and therefore, the Plan causes American to not be adequately protected on its secured claim.

11. The low set payment to American of $57.19 per month is calculated to allow the attorney's fees to be paid in the amount of $242.41 per month.

12. American objects to any Plan which does not provide for monthly payments to American in the amount of at least $200.00 per month.

WHEREFORE, AMERICAN FINANCE CO. prays that confirmation of the Chapter 13 Plan be denied or that as a pre-requisite to confirmation of the Debtor's proposed Chapter 13 Plan, Debtor meet and satisfy the above stated objections and for such other and further relief as the Court deems just and proper.

AMERICAN FINANCE CO.

By: /s/ Joel A. Schechter
Its Attorney

Joel A. Schechter
Attorney Number 03122099
LAW OFFICES OF JOEL A. SCHECHTER
53 West Jackson, Suite 1522
Chicago, Illinois 60604
(312) 332-0267